

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20

| | |
|---|---|
| JOSEPH A. LEE, CDCR #AU-9231, Plaintiff, vs. SAN DIEGO COUNTY JAIL, Defendants. | Civil No.    15cv1236 LAB (NLS) **ORDER:** **(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF Doc. No. 7)** **AND** **(2)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

21
22
23
24
25
26
27
28

Joseph A.  Lee ("Plaintiff"), a state inmate currently housed at the California Rehabilitation Center located in Norco, California, and proceeding pro se, initially filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1) in the Eastern District of California.  On June 2, 2015, United States Magistrate Judge Kendall Newman determined that the actions giving rise to Plaintiff's claims arose in San Diego County and transferred the matter to the Southern District of California.  (Doc. No. 4)

/ / /

/ / /

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 7).

## I.

### PLAINTIFF'S MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint."   28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds

/ / /

---

[1]  In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

$10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statement, as well as the attached prison certificate verifying his available balances. Plaintiff's statements show he has insufficient funds in his prisoner trust account during the 6-month period preceding the filing of this action, and no available funds from which to pay any initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF Doc. No. 7) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated will be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)

#### A.    Standard of Review

Notwithstanding IFP status or the payment of any filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  However, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Thus, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." *Id.*

**B.   42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks

and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## C. Personal Liability

As an initial matter, the Court finds that to the extent Plaintiff names "San Diego County Jail" as the only Defendant, his claims must be dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim upon which § 1983 relief can be granted.

Local law enforcement departments, like the San Diego Sheriff's Department or the County Jail, municipal agencies, or subdivisions of those department or agencies, are not proper defendants under § 1983. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

While the County of San Diego may be considered a "person" properly subject to suit under § 1983, *see Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978); *Hammond v. County of Madera*, 859 F.2d 797, 801 (9th Cir. 1988), the County may be held liable only where the Plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality, or a "final decision maker" for the municipality. *Monell*, 436 U.S. at 690; *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 402-04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). In other words, "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Miranda v. Clark County, Nevada*, 279 F.3d 1102, 1109-10 (9th Cir. 2002).

1  "A municipality cannot be held liable solely because it employs a tortfeasor."
2  *Monell*, 436 U.S. at 691; *Navarro*, 72 F.3d at 714. Instead, to allege a claim against a
3  municipality, Plaintiff must include in his pleading enough "factual content" to support
4  a reasonable inference to show that: (1) he was deprived of a constitutional right; (2) the
5  city or county had a policy; (3) the policy amounted to deliberate indifference to his
6  constitutional right; and (4) the policy was the "moving force behind the constitutional
7  violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see also*
8  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.
9  1996).

10  As currently pleaded, however, Plaintiff's Complaint fails to state a claim under
11  28 U.S.C. §§ 1915(e)(2) and § 1915A(b) because he has failed to allege any facts which
12  "might plausibly suggest" that his medical care was effected pursuant to any municipal
13  custom, policy or practice implemented or promulgated with deliberate indifference to
14  his constitutional rights, or that it was the "moving force"or cause of his injury. *See*
15  *Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Iqbal's*
16  pleading standards to *Monell* claims); *Brown*, 520 U.S. at 404 ("[I]t is not enough for a
17  § 1983 plaintiff merely to identify conduct properly attributable to the municipality . . .
18  [t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality
19  was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the
20  municipal action was taken with the requisite degree of culpability and must demonstrate
21  a causal link between the municipal action and the deprivation of federal rights." (italics
22  in original).

23  **D.    Inadequate Medical Care Claims**

24  Plaintiff alleges that he was denied adequate medical care when he was housed at
25  the San Diego Cental Jail.  (*See* Compl. at 2.)  Specifically, Plaintiff claims that "he was
26  overdosed on my seizure medication that resulted in my being hospitalized for four days."
27  (*Id.*) However, only "deliberate indifference to a prisoner's serious illness or injury [will]
28  state[] a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *see*

1  also *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1241-44 (9th Cir. 2010)

2  (applying *Estelle*'s Eighth Amendment deliberate indifference standard to inadequate

3  medical care claims alleged to violate a pretrial detainees' due process rights).

4      First, Plaintiff must allege a "serious medical need" by demonstrating that "failure

5  to treat [his] condition could result in further significant injury or the 'unnecessary and

6  wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991),

7  *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)

8  (en banc) (citing *Estelle,* 429 U.S. at 104).  The "existence of an injury that a reasonable

9  doctor or patient would find important and worthy of comment or treatment; the presence

10  of a medical condition that significantly affects an individual's daily activities; or the

11  existence of chronic and substantial pain are examples of indications that a prisoner has

12  a 'serious' need for medical treatment." *Id.* at 1059-60.

13      The Court will assume, for purposes of screening pursuant to 28 U.S.C.

14  § 1915(e)(2) and § 1915A, that he had a serious medical need in October 2013 when he

15  was housed in the San Diego Central Jail.  *See McGuckin*, 974 F.2d at 1059.

16  However, even assuming Plaintiff's medical condition and/or pain was sufficiently

17  objectively serious to invoke Eighth or Fourteenth Amendment protection, he must also

18  include in his pleading enough factual content to show that each Defendant he seeks to

19  hold liable acted with "deliberate indifference" to his needs. *McGuckin*, 974 F.2d at 1060;

20  *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  "This second

21  prong–defendant's response to the need was deliberately indifferent–is satisfied by

22  showing (a) a purposeful act or failure to respond to [the] prisoner's pain or possible

23  medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096.

24  "Deliberate indifference is a high legal standard," and claims of medical malpractice or

25  negligence are insufficient to establish a constitutional deprivation. *Simmons v. Navajo*

26  *County*, 609 F.3d 1011, 1019 (9th Cir. 2010) (citing *Toguchi v. Chung*, 391 F.3d 1051,

27  1060 (9th Cir. 2004)).

28      Here, Plaintiff claims that jail staff was "medically negligent" when they gave him

1  medication to which he was allergic. (Compl. at 2.) However, inadequate treatment due

2  to malpractice, or even gross negligence, does not amount to a constitutional violation.

3  *Estelle*, 429 U.S. at 106.

4      Moreover, "deliberate indifference" is evidenced only when a prisoner can show

5  that the official he seeks to hold liable "kn[ew] of and disregard[ed] an excessive risk to

6  inmate health and safety; the official must be both aware of facts from which the

7  inference could be drawn that a substantial risk of serious harm exist[ed], and he must

8  also [have] draw[n] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

9  Specifically, Plaintiff must allege "factual content," *Iqbal*, 556 U.S. at 678, which

10  demonstrates "(a) a purposeful act or failure to respond to [his] pain or possible medical

11  need, and (b) harm caused by the indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122

12  (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of

13  subjective recklessness, which entails more than ordinary lack of due care. *Snow v.*

14  *McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted);

15  *Wilhelm*, 680 F.3d at 1122.

16      Plaintiff does not identify, with any specificity, any individual whom he claims is

17  responsible for allegedly failing to provide him with adequate medical care. He has failed

18  to provide sufficient "factual content" to plausibly suggest that any party named as a

19  Defendant in this case acted with deliberate indifference. *Iqbal*, 556 U.S. at 678 ("The

20  plausibility standard is not akin to a 'probability requirement,' but it ask for more than

21  the sheer possibility that a defendant has acted unlawfully."). "A difference of opinion

22  between a physician and the prisoner–or between medical professionals– concerning what

23  medical care is appropriate does not amount to deliberate indifference." *Snow,* 681 F.3d

24  at 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989));

25  *Wilhelm*, 680 F.3d at 1122-23. Rather, Plaintiff "must show that the course of treatment

26  the doctors chose was medically unacceptable under the circumstances and that the

27  defendants chose this course in conscious disregard of an excessive risk to [his] health."

28  *Snow*, 681 F.3d at 988 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996))

(internal quotation marks omitted).

Accordingly, for this additional reason, the Court finds that Plaintiff has failed to adequate allege an inadequate medical care claim upon which § 1983 relief can be granted.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.  Because he is proceeding *pro se*, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant Plaintiff an opportunity to amend.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 7) is **GRANTED**.

2. The Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Jeffrey Beard, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without  prejudice for failing to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

5. Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order

is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original Complaint. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). If Plaintiff fails to file an Amended Complaint within 45 days, this action shall remain dismissed without further Order by the Court.

6. The Clerk of Court is directed to mail Plaintiff a copy of a Court approved § 1983 civil rights complaint.

DATED: June 30, 2015

**HONORABLE LARRY ALAN BURNS**
United States District Judge